%JS 44 (Rev 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PEEPLES, OSCAR

## DEFENDANTS
PRESTIGE DELIVERY SYSTEMS, INC.

**(b)** County of Residence of First Listed Plaintiff: **BURLINGTON**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **BUCKS**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Marc A. Weinberg, Esquire, Saffren & Weinberg (215)576-0100
815 Greenwood Avenue, Ste. 22, Jenkintown, PA 19046

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☒ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): **Title VII**

Brief description of cause: **Discrimination Claim**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 250,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 04/04/2011
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 4 Eddington Lane, Willingboro, NJ 08046

Address of Defendant: 32 Runway Road, Levittown, PA 19054

Place of Accident, Incident or Transaction: Levittown, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____  _____  _____
                        Attorney-at-Law           Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/4/11  _____  60643
              Attorney-at-Law          Attorney I.D.#

CIV. 609 (6/08)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| OSCAR PEEPLES | : | CIVIL ACTION |
| v. | : | |
| PRESTIGE DELIVERY SYSTEMS, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

| April 4, 2011 | Marc A. Weinberg, Esquire | Plaintiff, Oscar Peeples |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-576-0100 | 215-576-6288 | Mweinberg@saffwein.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d) Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e) Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
(See §1.02 (e) Management Track Definitions of the
Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OSCAR PEEPLES <br> 4 Eddington Lane <br> Willingboro, NJ 08046 <br> <br> v. <br> <br> PRESTIGE DELIVERY SYSTEMS, INC. <br> 32 Runway Road <br> Levittown, PA 19054 | : <br> : <br> : <br> :   NO. <br> : <br> : <br> : <br> : <br> : |

## COMPLAINT

## INTRODUCTION

1. This is a claim brought individually by Plaintiff, Oscar Peeples, who was discriminated at his place of employment based upon his age and race. The improper conduct included deferential treatment in regards to workload and promotions before being wrongfully summarily discharged. As a result of these charges of discrimination, Plaintiff alleges violation of various state and federal statutes including Title VII of the Civil Rights Act of 1964 42 U.S.C. Section 2000E et seq. as amended by the Civil Rights Act of 1991, The Pennsylvania Human Relations Act, the Age Discrimination Employment Act of 1967 as well as the common law statutes of the Commonwealth of Pennsylvania.

2. Plaintiff, Oscar Peeples, by and through his counsel, Marc A. Weinberg, Esquire seeks a sum in excess of $100,000.00 in damages upon a cause of action whereof the following is a statement.

3. This action for declaratory, monetary and other appropriate relief is brought by Plaintiff, Oscar Peeples, to redress intentional violations by Defendant of rights secured to the Plaintiff by the laws of the United States and the statutory and common law of the Commonwealth of Pennsylvania.

## JURISDICTION

4. Jurisdiction is conferred upon this Court by 28 U.S.C. Section 1331 and Section 1343, 42 U.S.C. Section 2000E-5(f)(3) which provides for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief.

5. This Court has jurisdiction over Plaintiff's claims under the statutory and common law of the Commonwealth of Pennsylvania pursuant to supplemental jurisdiction as codified by 28 U.S.C. Section 1367 as Plaintiff was working for Prestige Delivery Systems, Inc. located at 32 Runway Road in Levittown, Pennsylvania 19054.

6. Named Plaintiff, Oscar Peeples, has exhausted all administrative remedies, having filed timely complaints of racial discrimination and wrongful discharge with the Pennsylvania Human Relations Commission as required in the individual statutes and has taken all other necessary action to bring this matter before this Court.

## VENUE

7. All actions complained of herein have taken place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and involve a Plaintiff who was employed within its jurisdictional limits and a Defendant who performs business within its jurisdictional limits.

8. Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. Section 1391(B) and 1391©.

## PARTIES

9. Plaintiff, Oscar Peeples, is an African American male citizen of the United States

and a resident of the State of New Jersey residing at 4 Eddington Lane in Willingboro, New Jersey 08046 and was at all times relevant hereto an employee of Defendant.

10. At the time of filing, Plaintiff's age is of the protected class.

11. Defendant Prestige Delivery Systems, Inc. was a corporation or other duly authorized legal entity operating in the Commonwealth of Pennsylvania as a transportation company.

12. Prior to Defendant's involvement with Plaintiff, a contract existed between Plaintiff and Staples to perform delivery related services.

### FACTUAL ALLEGATIONS OF NAMED PLAINTIFF

13. Plaintiff, Oscar Peeples, contracted with Defendant as a delivery driver and began service with the Defendant in May of 2004 after Staples retained Prestige to perform delivery related services.

14. Plaintiff continued work as delivery driver with Defendant for which he was qualified in every respect.

15. Plaintiff was under a delivery contract with Defendant.

16. Plaintiff was under the direct supervision and control of the above-referenced Defendant company who controlled Plaintiff's workload as well as instructed him on job related duties and responsibilities.

17. Defendant exerted control over Plaintiff's work, with Plaintiff being required to seek advice and counsel from them with regard to specific work related issues.

18. When Plaintiff began working with the Defendant, Plaintiff had four separate routes for delivery service.

19. After Prestige was retained by Staples to perform delivery related services,

Plaintiff was told by Prestige that Plaintiff made too much money. Subsequently, Prestige employee Tony continually called Plaintiff "boy" as well as his drivers.

20. Throughout the course of his employment with Defendant, Plaintiff had contact with managers of the Defendant, namely John (last name unknown) and Tony (last name unknown) who called Plaintiff "boy" even though Plaintiff advised the term was offensive to Plaintiff.

21. During Tony's tenure with Defendant, Plaintiff heard him say that he was "getting rid of the old drivers."

22. Constantly, John would call Plaintiff "boy" as well as his drivers on a weekly basis.

23. The day after bringing these incidents to the attention of Defendant's management, all of Plaintiff's assigned routes were taken from him and he was told that he could only have one route.

24. After complaining of Defendant's conduct, Plaintiff's last route was taken from him and provided to Greg Fink.

25. After being advised that Plaintiff could only maintain one route, the other three routes were provided to other drivers without any legitimate business related requirement.

26. One of Plaintiff's routes were given to Greg Fink who had a total of seven routes at that time.

27. Greg Fink is a Caucasian male approximately 38 years of age who had been working for Defendant for 2 years less than Plaintiff.

28. There was no reasonable basis for the termination of Plaintiff as a result of any work product and/or job performance and skills. Rather, said termination was the direct result of discriminatory and retaliatory action on the part of the Defendant and its managers.

29. During the course and scope of Plaintiff's tenure with the Defendant, Plaintiff was repeatedly denied financial opportunity and ability to work in a facility free of age and racial prejudices by Defendant and its representatives.

30. Plaintiff, on at least two occasions, was advised that Plaintiff would be entitled to receive his original route back.

31. At no time did Plaintiff incite the actions of Defendant's representatives and furthermore requested that said conduct cease and desist.

32. In addition to the above, Plaintiff was retaliated against by Tony when he contacted Plaintiff's truck supplier to cancel Plaintiff's truck rental contract.

33. As a result of deliberate, unlawful and malicious actions of the Defendant, Plaintiff has suffered a loss of enjoyment, benefits, earnings and earning potential.

## COUNT I - RACIAL DISCRIMINATION

34. Plaintiff repeats and re-alleges paragraphs 1 through 33 as though fully set forth herein.

35. Defendants violated the provisions of Title VII of the Civil Rights Act of 1964 42 U.S.C. Section 2000E et seq. in that they discriminated against Plaintiff on account of his race and overall harassing conduct by inter alia:

   1. Treating him differently than his Caucasian peers;

   2. Retaliating and wrongfully discharging Plaintiff from employment on or about October 2009 after Plaintiff advised his manager that he did not appreciate being called "boy";

   3. Failing to allow Plaintiff a fair opportunity to be promoted when he was appropriately credentialed and a valuable and hard working employee; and

    4.      Failing to allow Plaintiff to continue with employment when he was appropriately credentialed and a valuable and hard working employee of the Defendant.

    5.      Allowing Caucasian employees such as Fink the opportunity to carry multiple delivery routes.

## COUNT II - RETALIATION

36.    Plaintiff repeats and re-alleges paragraphs 1 through 35 as if fully set forth herein.

37.    Defendant violated the anti-retaliation provisions of the Civil Rights Act of 1964, 42 U.S.C. Section 2000E - 3a in that it retaliated against the named Plaintiff for having voiced his displeasure with how he was spoken to.

38.    Specifically, Plaintiff was eventually stripped of his delivery routes after he told his manager that he didn't like being referred to as "boy."

## COUNT III - VIOLATION PHRA

39.    Plaintiff repeats and re-alleges paragraphs 1 through 38 as though fully set forth herein.

40.    Defendant violated provisions of the Commonwealth of Pennsylvania Human Relations Act and then discriminated against the named Plaintiff as evidenced by inter alia:

    a.      Establishing and maintaining a general policy of allowing disparaging conduct and treatment to occur in the course and confine of the work day including failure to discipline improper conduct;

    b.      Allowing a manager to continually harass Plaintiff regarding his race;

    c.      Allowing racial and improper conduct to occur with the acquiescence and

          acknowledgment of Defendant's management;

    d.    Making employment decisions based on employee's race or ethnicity.

## COUNT IV

41.    Plaintiff repeats and re-alleges paragraphs 1 through 40 as though fully set forth herein.

42.    Defendant violated provisions of the Age Discrimination Employment Act of 1967 and then discriminated against the named Plaintiff as evidenced by inter alia:

    a.    Failing to consider Plaintiff for promotions due to his age;

    b.    Promoting younger employees over Plaintiff who had less experience and had been working there for less time;

    c.    Implementing a general plan to "get rid of all the old drivers."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.    Enter a declaratory judgment that Defendant acted as complained of herein and violated and continued to violate the rights of Plaintiff as incurred by federal and state legislative enactments;

2.    Award to Plaintiff punitive and exemplary damages against Defendant in an adequate and proper monetary amount;

3.    Award to Plaintiff damages for emotional distress, humiliation and loss of self esteem, the loss of life's pleasures and a loss of his ability to provide for himself and his family;

4.    Grant the above-named Plaintiff liquidated and consequential damages in

          accordance with appropriate state and federal statutes;

5.      Grant to Plaintiff prejudgment interest in an appropriate amount;

6.      Grant to Plaintiff costs, disbursements and reasonable attorney fees;

7.      Grant to Plaintiff such other relief this Honorable Court deems just and proper under the circumstances of this case.

                                    Respectfully submitted,

                                    SAFFREN & WEINBERG

                         BY: _____
                              MARC A. WEINBERG, ESQUIRE
                              815 Greenwood Avenue, Suite 22
                              Jenkintown, PA 19046
                              (215) 576-0100