**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| OSCAR PEEPLES, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PRESTIGE DELIVERY SYSTEMS, INC. | : | NO.  11-2373 |
| | : | |
| Defendant. | : | |

<u>**MEMORANDUM**</u>

BUCKWALTER, S.J.                                                      December15, 2011

      Defendant Prestige Delivery Systems, Inc. has filed the present Motion to Dismiss the

Complaint of Plaintiff Oscar Peeples.  For the following reasons, the Motion is granted.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

      According to the facts alleged in the Complaint, Plaintiff is an African American male

who contracted with Defendant in May 2004 to work as a delivery driver.  (Compl. ¶¶ 9,13.)  At

the time the contract commenced, Plaintiff had four separate routes for delivery service.  (Id. ¶

18.)  During the time Plaintiff performed services for Defendant, two of Defendant's employees

repeatedly referred to him as "boy," even after Plaintiff advised them that he found the term

offensive.  (Id. ¶¶ 19-21, 22.)  In addition, Plaintiff overheard one of these employees say that the

company was "getting rid of the old drivers."  (Id. ¶ 21.)  The day after Plaintiff brought these

incidents to the attention of Defendant's management, he was deprived of all four of his original

delivery routes and was told he could only have one route.  (Id. ¶ 23.)  When he further

complained about this treatment, the final route was taken from him and given to a thirty-eight-

year-old white male.  (Id. ¶¶ 24, 26-27.)  Defendant terminated its business relationship with

Plaintiff in October 2009.  (Id. ¶ 35.)

Plaintiff filed his Complaint in this Court on April 5, 2011 alleging the following: (I) racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); (II) retaliation in violation of Title VII; (III) violation of the Pennsylvania Human Relations Act 43 Pa.C.S. § 951 et seq. ("PHRA"); and (IV) violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA").[1]  (Compl. ¶¶ 34-42.) Defendant filed the present Motion to Dismiss on September 21, 2011.  Plaintiff filed his Response in Opposition on October 21, 2011, and Defendant filed a Reply Brief on October 28, 2011.

## II.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).  In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 555.  It emphasized that it would not require a "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  Id. at 570.

In the subsequent case of Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court enunciated two fundamental principles applicable to a court's review of a motion to dismiss for

---

[1]  Without specifying Plaintiff's age, the Complaint states that he is a member of the class protected by ADEA.  (Compl. ¶ 10.)

failure to state a claim.  First, it noted that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 1949.  Thus, although "[Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Id. at 1950. Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss."  Id.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.

Notwithstanding the foregoing, nothing in Twombly or Iqbal has altered some of the fundamental underpinnings of the Rule 12(b)(6) standard of review.  Arner v. PGT Trucking, Inc., No. Civ.A.09-0565, 2010 WL 1052953, at *2 (W.D. Pa. Mar. 22, 2010); Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-0626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008).  Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. Fed. R. Civ. P. 8; Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff."  Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

## III.    DISCUSSION

In support of its Motion to Dismiss, Defendant has introduced two contracts between itself and Plaintiff.  One contract governed the parties' business relationship between October 29, 2007 and February 28, 2009; the second governed the relationship from March 7, 2009 until March 31, 2010.  (Def.'s Mem. Supp. Mot. Dismiss ("Def.'s Mem."), Exs. B & C.)[2]  Relying on these documents, Defendant moves to dismiss the Complaint on two grounds.  First, it contends that Plaintiff was an independent contractor, rather than an employee, of Defendant.  (Def.'s Mem. 10-16.)  Because independent contractors are not covered by any of the anti-discrimination statutes cited in the Complaint, Defendant argues that Plaintiff has failed to state a claim.  (Id.)  Second, Defendant contends that the contract between itself and Plaintiff contains a forum selection clause, which states that any claims arising out of their business relationship must be litigated in the State of Ohio.  (Id. at 17-19.)

As discussed in detail below, the Court finds that the forum selection clause is valid and enforceable.  Because the parties have contracted to litigate their dispute in Ohio, it would be inappropriate for the Court to address the merits of the Complaint, including Defendant's first

---

[2]  In most situations, "a court considering a motion to dismiss only construes a plaintiff's complaint, exhibits attached to the complaint, and matters of public record."  Soto v. Bank of Lancaster Cnty., No. Civ.A.08-1907, 2011 WL 1050213, at *5 (E.D. Pa. Mar. 23, 2011) (citing Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).  A court may, however, "consider an undisputedly authentic document attached by a defendant as an exhibit to the motion to dismiss if plaintiff's claims are based on the document."  Id. (citing Pension Ben., 998 F.2d at 1196).  "A document forms the basis of plaintiff's claim if the document is 'integral to or [is] explicitly relied upon in the complaint.'"  Id. (quoting In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)).  Here, Plaintiff's claims arise out of his professional relationship with Defendant, and Plaintiff does not dispute the existence or authenticity of the contracts introduced by Defendant.  As such, the Court finds that the contracts are integral to Plaintiff's Complaint and considers them in conjunction with Defendant's Motion.

argument.  The following analysis addresses only those arguments that relate to the forum

selection clause.

**A.      The Parties' Contractual Relationship**

The contract that Defendant alleges was in effect at the time it ended its business

relationship with Plaintiff states in relevant part:

> This Agreement constitutes the entire agreement and understanding between the
> parties and supersedes all prior Independent Contractor Operating Agreements and
> shall not be modified, altered, changed or amended in any respect unless in writing
> and signed by both parties. . . .  This Agreement shall be deemed to have been written
> in accordance with the statutes and laws of the State of Ohio, and, in the event of any
> disagreement or litigation, the laws of this state shall apply and *suit must be brought
> in this state*.  In addition, the Contractor and Carrier agree that this Agreement is
> being entered into in the State of Ohio.

(Def.'s Mem., Ex. C ¶ 22 (emphasis added).)  The contract also states that "this Agreement shall

commence on the [7th] day of March, 2009 and shall continue through the 31st day of March,

2010."  (Id. ¶ 1.)  Plaintiff signed the contract on March 7, 2009, and Defendant's representative

signed it on March 9, 2009.  (Id.)

Although Plaintiff does not dispute the existence of the 2009 contract, he indirectly

contests its validity by referencing a prior agreement that the parties allegedly entered into in

February 2006.  (Pl.'s Resp. Opp'n 8-9.)  According to Plaintiff, the 2006 agreement was an

unconscionable contract of adhesion because Defendant presented it to him without the

opportunity to negotiate its terms or retain an attorney to review its contents.  (Id.)  Plaintiff

neither references this agreement in his Complaint nor attaches a copy of it to his Response in

Opposition.

Assuming the parties entered into an agreement in 2006, it has clearly been superseded by

the 2009 contract which, as noted above, states that "[t]his Agreement constitutes the entire

agreement and understanding between the parties and supersedes all prior Independent

Contractor Operating Agreements . . . ."  (Def.'s Mem., Ex. C ¶ 22.)  Furthermore, even if

Plaintiff was compelled to sign the 2006 agreement without the opportunity to negotiate its terms

and without the benefit of legal counsel, he has made no such allegation concerning the 2009

contract.  Accordingly, the Court finds that the 2009 contract was a valid and enforceable

agreement that governed the parties' business relationship at the time Plaintiff was terminated.

### B.       The Validity of the Forum Selection Clause

In Ohio,[3] a forum selection clause is valid unless it falls into one of the following three

categories: "(1) it was obtained by fraud, duress, the absence of economic power or other

unconscionable means, (2) the designated forum would be closed to the suit or would not handle

it effectively or fairly, or (3) the designated forum would be so seriously inconvenient that to

require the plaintiff to bring suit there would be unjust."  Huntington Copper Moody & Maguire,

Inc. v. Cypert, No. Civ.A.04-751, 2005 WL 2290318, at *4 (S.D. Ohio Sept. 20, 2005) (citation

omitted).  "A finding of unreasonableness or injustice must be based on more than inconvenience

to the party seeking to avoid the forum-selection clause's requirements."  Info. Leasing Corp. v.

King, 800 N.E.2d 73, 78 (Ohio Ct. App. 2003).  Rather, "it must appear that enforcement in Ohio

would be 'manifestly and gravely inconvenient' to the party seeking to avoid enforcement such

that the party 'will be effectively deprived of a meaningful day in court.'"  Id. (quoting Info.

Leasing Corp. v. Jaskot, 784 N.E.2d 1192, 1196-97 (Ohio Ct. App. 2003)).

---

[3] The 2009 contract states that the parties' relationship is governed by Ohio law.  (Def.'s Mem., Ex. C ¶ 22.)

Here, Plaintiff argues that the forum selection clause should not be enforced because the events leading up to this litigation occurred in Pennsylvania, it would be unduly burdensome for him and other witnesses to travel to Ohio, and his Complaint includes a cause of action arising under the PHRA, a Pennsylvania statute.  (Pl.'s Resp. Opp'n 9-10.)  The Court is unpersuaded. First, the fact that many of the events that form the basis of this litigation occurred in Pennsylvania is not dispositive.  The very purpose of a forum selection clause is to ensure that disputes are litigated in a particular place, regardless of other factors surrounding the case. Second, while litigating in Pennsylvania may be more convenient for Plaintiff, he has not shown that traveling to Ohio – which borders Pennsylvania – would be such a substantial burden that it would effectively deprive him of his day in court.  See, e.g., Four Seasons Enters. v. Tommel Fin. Servs., Inc., No. Civ.A.77248, 2000 WL 1679456, at *4 (Ohio Ct. App. Nov. 9, 2000) ("Mere distance . . . is not considered adequate inconvenience to invalidate a forum selection clause.").  Finally, with respect to the PHRA claim, Plaintiff himself admits that Ohio courts are "more than qualified to handle interpretation of foreign law," (Pl.'s Resp. Opp'n 10), and he has not identified any aspect of the PHRA that would be better addressed by a Pennsylvania District Court.  Accordingly, the Court finds that the forum selection clause is valid and enforceable, and requires all disputes arising out of the contract between Plaintiff and Defendant to be litigated in Ohio.  Defendant's Motion to Dismiss is therefore granted.

## IV.   CONCLUSION

For all of the foregoing reasons, the Court finds that Plaintiff's claims arise out of a contract he entered into with Defendant in 2009.  That contract includes a forum selection clause, which states that any disputes between the two parties must be litigated in the State of Ohio.

Because the Court finds that the forum selection clause is enforceable, it declines to address the merits of Plaintiff's claims.  Accordingly, Defendant's Motion to Dismiss is granted.  Plaintiff may re-file his Complaint in the State of Ohio.

An appropriate Order follows.